UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-21513-Civ-COOKE/TORRES

ERNST TABUTEAU,

    Plaintiff,

vs.

HSBC BANK USA, NATIONAL ASSOCIATION,
As Trustee UNDER POOLING AND SERVICING
AGREEMENT DATED AS OF FEBRUARY 1, 2005,
FREMONT HOME LOAN TRUST 2005-A,

    Defendant.

_____/

## OMNIBUS ORDER

THIS MATTER is before me on Plaintiff's Request (Motion) for Volunteer Counsel (ECF No. 11) and Plaintiff's Motion for Default Judgment (ECF No. 15). For the reasons provided herein, Plaintiff's Request (Motion) for Volunteer Counsel is denied, and Plaintiff's Motion for Default Judgment is denied without prejudice.

### Request (Motion) for Volunteer Counsel

Plaintiff Ernst Tabuteau, proceeding *pro se*, pursuant to 28 U.S.C. § 1915(e)(1), which provides that, "[t]he court may request an attorney to represent any person unable to afford counsel," moves for the appointment of counsel. However, as noted by Plaintiff, "[a]ppointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)).

In the instant matter, Plaintiff brings a wrongful foreclose action against Defendant HSBC Bank USA, National Association, alleging that Defendant procured the foreclosure, which was eventually set aside, based upon fraud. *See generally* Compl., ECF No 1. The legal and factual issues arising from Plaintiff's fraud claim are not "so novel or complex as to require the assistance of a trained practitioner," and Plaintiff has offered no grounds on

which to determined otherwise. Therefore, Plaintiff's request that the Court appoint an attorney to represent him is denied. Nevertheless, I will refer Plaintiff's case to those attorneys who have registered to undertake pro bono cases. Plaintiff should be advised that an attorney accepting his case is not guaranteed, and is completely out of the control of the Court.

### Motion for Default Judgment

Plaintiff Ernst Tabuteau has also moved for the entry of default judgment against Defendant HSBC Bank USA, National Association. I have reviewed the record, and note the default entered by the Clerk of the Court (ECF No. 13) as to Defendant HSBC Bank USA, National Association for failure to answer or otherwise respond to the Summons and Complaint. Additionally, I issued an Order to Show Cause (ECF No. 14) on June 20, 2014, giving the Defendant an opportunity to demonstrate to the Court why a default judgment should not be entered against it in this case. Defendant HSBC Bank USA, National Association has failed to respond to the Order to Show Cause within the time permitted.

As stated above, Plaintiff initiated this action for wrongful disclosure seeking injunctive relief, declaratory judgment, and compensatory and punitive damages. A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). Following the entry of a default judgment, damages may be awarded "without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation," so long as all essential evidence is a matter of record. *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005) (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)). "The corollary of this rule, however, is that a defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)[1]. "In other words, '[e]ven after default, ... it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in

---

[1] The Eleventh Circuit has adopted, as binding precedent, all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

default does not admit mere conclusions of law.'" *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1362 (N.D. Ga. 2011) (citing 10A Wright, Miller & Kane, Fed. Pract. & Proc. § 2688 (3d ed.)).

Here, Plaintiff's Complaint and Motion for Default Judgment, submitted without any affidavit or declaration[2], fail to provide a basis for the entry of default. Plaintiff has not set forth specifically the type and amount of damages to which he claims he is entitled. Without an adequate record, I am unable to award Plaintiff his requested relief.

## Conclusion

Accordingly, Plaintiff's Request (Motion) for Volunteer Counsel (ECF No. 11) is **DENIED**, and Plaintiff's Motion for Default Judgment is **DENIED** *without prejudice*. The Clerk of Court shall *administratively* **CLOSE** this matter until such time as Plaintiff provides the Court with an adequate record on which to grant him default judgment.

**DONE and ORDERED** in Chambers, Miami, Florida, this 25TH day of August 2014.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*

---

[2] "Besides the pleadings, a court may also consider evidence presented in the form of an affidavit or declaration." *Frazier*, 767 F. Supp. 2d at 1362.